UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case Type: Other Civil
Court File No. 00-1105(DDA/RLE)

Marty S. Jordan,

Plaintiff,

v.

**STIPULATION FOR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Minnesota Diversified Industries, Inc.

Defendants.

The parties, through their respective counsel, hereby stipulate and agree to the following Confidentiality Agreement and Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**CONFIDENTIALITY AGREEMENT**

1. All information, documents, or materials produced containing medical, psychiatric, psychological, past employment or income tax records or other documents pertaining to or relating to Plaintiff's medical, psychiatric, or psychological condition or treatment, past employment records or tax records which have been marked, stamped, or otherwise identified by plaintiff as "Confidential", including such materials obtained with an authorization signed by plaintiff, (all hereinafter referred to "Confidential Materials") or testimony relating to these Confidential Materials designated by plaintiff as "Confidential",

OCT 06 2000

FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(6) (7)

shall be subject to the restrictions of this Confidentiality Agreement. "Confidential" testimony shall be maintained in a transcript separate and apart from other testimony of the witness which transcript and testimony will be treated the same as other Confidential Materials under this Agreement.

2. Access to any Confidential Materials shall be limited to the following persons; provided that with respect to (a) through (e) below, these individuals are informed of and agree to abide by the terms of this Stipulation and Order;

(a) Counsel for either party receiving the documents and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) Plaintiff;

(c) Representatives of the corporate defendants in a position of responsibility connected with the litigation;

(d) Any expert retained for the conduct of this litigation;

(e) Any consultant retained for the conduct of this litigation;

(f) The court and authorized Court personnel.

3. Confidential Materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in paragraph 2 above, nor shall such confidential Materials or their contents be publicized in any manner.

4. This Confidentiality Agreement and handling of Confidential Materials may be the subject of orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Confidentiality Agreement or for the reclassification of any Confidential Materials as may be appropriate.

5. Additionally, nothing in this Agreement is intended to prohibit the parties from mutually agreeing to submit Confidential Materials other than as required herein.

6. The parties agree that the Court shall retain jurisdiction to enforce this Confidentiality Agreement to provide both equitable and legal relief.

Dated: 9-26-00.

**WARNER LAW OFFICE, P.A.**

By: [signature]

Daniel E. Warner
Attorney Reg. No. 15295X
3445 Washington Drive
Suite 204
Eagan, MN 55122
(651) 452-8224

*Attorney for Plaintiff*

Dated: 10.3.00.

**LITTLER - MENDELSON, P.C.**

By: [signature]

Andrew J. Voss
Attorney Reg. 241556
Multifoods Tower
33 South 6th Street, Suite 3110
Minneapolis, MN 55402-3716
(612) 630-1000

*Attorney for Defendants*

**PROTECTIVE ORDER**

Based on the above Stipulation of Counsel on behalf of the parties, IT IS SO ORDERED.

Dated: 10/6/00.

BY THE COURT:

By: [signature]

The Honorable Raymond L. Erickson
United States Magistrate Judge